2021 BNH 006

_____

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW HAMPSHIRE

In re:                                                                      Bk. No. 20-10813-BAH
                                                                            Chapter 13

Paul E. Vrusho,
                Debtor


*Sandra Kuhn*
*Family Legal Services, PC*
*Concord, New Hampshire*
*Attorney for Debtor*

*Kathleen E. McKenzie*
*Raymond J. DiLucci, P.A.*
*Concord, New Hampshire*
*Attorney for Vermont Center Wreaths, Inc.*


### <u>MEMORANDUM OPINION</u>

## I. INTRODUCTION[1]

Before the Court is the Motion for Leave to File Claim After Bar Date Nunc Pro Tunc

(Doc. No. 88) (the "Motion") filed by Vermont Center Wreaths, Inc. ("Vermont Center"), and

Debtor Paul E. Vrusho's objection thereto (Doc. No. 103) (the "Objection").[2]  In its Motion,

Vermont Center requests an extension of the November 24, 2020, filing deadline for non-

governmental proofs of claims in this case (the "Bar Date"), pursuant to Federal Rule of

Bankruptcy Procedure 3002(c)(6)(A).  Vermont Center asserts that it received insufficient notice

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "Code," "chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub L. No. 109-8, 119 Stat. 37.  References to the "Bankruptcy Rules" or "Rule" shall mean the Federal Rules of Bankruptcy Procedure.

[2] The Court also has before it the Debtor's Objection to Claim Number 13 (Doc. No. 84) (the "Claim Objection") and Vermont Center's Response to Debtor's Objection to Claim Number 13 (Doc. No. 89) (the "Response to Claim Objection").  As explained to the parties during the hearing held on September 8, 2021, the scope of this opinion is limited to the sufficiency of the notice provided to Vermont Center and does not include any substantive findings regarding the merits of Vermont Center's underlying claim.

of the Bar Date because the Debtor's verified list of creditors (Doc. No. 1 at 50) (the "Creditors Matrix") listed Vermont Center only at the address of an attorney representing Vermont Center in a related (and still pending) state court proceeding against the Debtor and his company, and not at Vermont Center's own business address.  The Debtor argues that Vermont Center received sufficient notice of the Bar Date.

The Court held a hearing on the Motion and Objection on September 8, 2021, and took the matter under advisement.[3]  For the reasons discussed herein, the Court concludes that Vermont Center had sufficient notice of the Bar Date because its attorney in the related state court proceeding received actual notice of the bankruptcy filing and the Bar Date.

## II.  JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of New Hampshire.  This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(K).

## III.  FACTS

The Debtor filed a chapter 13 petition on September 15, 2020 (Doc. No. 1).  On the filing date, the Debtor and his business, Granite State Greenhouse and Nursery, Inc. ("Granite State"), were co-defendants in an ongoing collection lawsuit filed by Vermont Center in the Rockingham County Superior Court on October 24, 2019 (the "Collection Litigation").[4]  Id. at 11.  Vermont Center's attorney of record in the Collection Litigation is Daniel Proctor.  On his Bankruptcy

---

[3] At the conclusion of the hearing, the Court ordered the parties to file supporting memoranda of law by September 20, 2021 (Doc. No. 107).  The Debtor filed his memorandum on September 20, 2021 (Doc. No. 111).  Vermont Center sought leave from the Court to file its memorandum the next day (Doc. No. 112), which the Court granted (Doc. No. 114).  Vermont Center timely complied (Doc. No. 117).

[4] See Vermont Center Wreaths Inc. v. Paul Vrusho, et al., 218-2019-CV-01507.

Schedule E/F, the Debtor listed "Daniel Proctor for Vermont Center Wreaths, Inc." as a

nonpriority unsecured creditor with a claim of $75,000, which the Debtor described as "[l]awsuit

related." Id. at 27.  Likewise, the Debtor's verified Creditors Matrix listed "Daniel Proctor for

Vermont Center Wreaths, Inc." as a creditor, with a mailing address of "PO BOX 3544,

Concord, NH 03302-3544"—which is Attorney Proctor's mailing address. Id. at 50.  Neither

form listed Vermont Center's direct mailing address.  Thus, the Clerk of Court mailed the Notice

of Chapter 13 Bankruptcy Filing (Doc. No. 4) (the "Notice of Bankruptcy") to Attorney Proctor

at the address shown on the Creditors Matrix (Doc. No. 8).[5]  The Notice of Bankruptcy included

the first date of the § 341 Creditors Meeting, the deadline to object to discharge/dischargeability,

and the Bar Date.

Shortly after the filing date, Attorney Proctor notified Vermont Center of the Debtor's

bankruptcy filing by speaking with Paulette Sicard, a shareholder and officer of Vermont Center.

Although Attorney Proctor was Vermont Center's counsel in the Collection Litigation and

offered to represent Vermont Center in the Debtor's chapter 13 case, Vermont Center did not

accept that offer.[6]

In June of 2021, Ms. Sicard, contacted the chapter 13 Trustee and learned of the proof of

claim filing requirement, prompting Vermont Center to retain counsel.[7]  On July 9, 2021, more

than seven months after the Bar Date, Vermont Center filed a nonpriority unsecured proof of

---

[5] The docket in this case indicates that the Clerk of Court continued to mail bankruptcy pleadings and notices to Attorney Proctor, in the absence of any amendment of the Creditors Matrix.

[6] During the September 8 hearing, Ms. Sicard stated that Attorney Proctor told her that it was unlikely that Vermont Center would receive a distribution in the chapter 13 case.  As discussed hereinafter, Attorney Proctor has not participated in the chapter 13 case, and the Court makes no findings as to what was or was not said during that conversation.  For the purposes of this opinion, it only matters that Attorney Proctor received the Notice of Bankruptcy while representing Vermont Center in litigation against the Debtor on the same claim that Vermont Center now seeks to assert in the Debtor's chapter 13 case, and that he discussed it with Ms. Sicard.

[7] Specifically, Ms. Sicard explained that she called the Trustee to inquire about the status of the Debtor's bankruptcy case.  She stated that the Trustee informed her for the first time that Vermont Center's ability to share in any distribution to unsecured creditors was qualified by the filing of a proof of claim by the Bar Date.

claim in the amount of $74,556.50, based on a pre-petition partial summary judgment order issued in the Collection Litigation (Claim. No. 13) (the "Proof of Claim").[8]  On July 15, 2021, the Debtor filed its Claim Objection, asserting that the Court should disallow the tardily filed Proof of Claim in its entirety (Doc. No. 84).

On August 5, 2021, Vermont Center filed the Motion, Ms. Sicard's supporting affidavit (Doc. No. 88, Exhibit 3) (the "Affidavit"), and its Response to Claim Objection.  In her Affidavit, Ms. Sicard stated that while Attorney Proctor had informed Vermont Center of the Debtor's bankruptcy filing, he failed to explain the need to file a proof of claim by the Bar Date in order to be paid.  On September 1, 2021, the Debtor filed his Objection to the Motion.[9] During the September 8 hearing, Vermont Center acknowledged that Attorney Proctor received the Notice of Bankruptcy, which contained the Bar Date.[10]  At the conclusion of hearing, the Court took the matter under advisement.

## IV.  THE POSITIONS OF THE PARTIES

### A.  Vermont Center

---

[8] Vermont Center attached to its Proof of Claim an incomplete copy of an "Order on Plaintiff's Motion for Summary Judgment" issued by the Rockingham County Superior Court on April 30, 2020 (Claim No. 13, Exhibit A) (the "Partial Summary Judgment Order").  The Partial Summary Judgment Order granted Vermont Center's Motion for Summary Judgment as to its breach of contract claim against Granite State and denied summary judgment on the Debtor's personal guaranty of that claim.  While the copy of the Partial Summary Judgment Order contains only its odd-numbered pages (1, 3, 5, 7 and 9), it is sufficient to indicate that the underlying debt in the Collection Litigation includes the Debtor's personal guaranty of Granite State's debt to Vermont Center, at least for purposes of this proceeding.

[9] The Debtor also filed an Exhibit in support of his Objection, which appears to be a case summary of the Collection Litigation docket (Doc. No. 104).  The Exhibit includes three entries, dated "9/23/20" or "9/24/20."  The entries reference the Debtor's bankruptcy filing and notice thereof.  See Doc. No. 104 at 3.

[10] During the hearing, Ms. Sicard described the conversation she had with Attorney Proctor regarding the Debtor's bankruptcy filing and his offer to represent Vermont Center in the bankruptcy court case.  She explained how she discovered the proof of claim filing requirement and the Bar Date.  Vermont Center's bankruptcy counsel made an offer of proof of Ms. Sicard's statements.  The Debtor's attorney did not object to the offer of proof.  Attorney Proctor was not present at the hearing, nor was he required to be, since Vermont Center did not retain him in connection with this chapter 13 case.

Vermont Center requests an extension of the Bar Date pursuant to Rule 3002(c)(6)(A), asserting that notice was not sufficient under the circumstances of the case because the Notice of Bankruptcy, and thus notice of the Bar Date, was only sent to Attorney Proctor.  While Vermont Center concedes that proper notice to a creditor's attorney can be imputed to the creditor where there is "a nexus between the creditor's retention of the attorney and the creditor's claim against the debtor," it maintains that the Court cannot reasonably impute notice to Attorney Proctor to it because their attorney-client relationship did not extend beyond the Collection Litigation. Importantly, Vermont Center does not argue that Attorney Proctor did not receive the Notice of the Bankruptcy, or that Attorney Proctor failed to inform it about the Debtor's bankruptcy filing well in advance of the Bar Date.  Instead, Vermont Center contends that the Debtor should have included its direct mailing address on the "schedules and statements" because of its long-standing business relationship with the Debtor.  It further asserts that the Debtor's failure to do so prevented it from receiving the Notice of Bankruptcy, and thus, sufficient notice of the Bar Date.

B. The Debtor

The Debtor asserts that the Motion should be denied because it properly listed Attorney Proctor as counsel for Vermont Center on the Creditors Matrix, causing Attorney Proctor to receive actual notice of the bankruptcy filing and Bar Date by virtue of Notice of Bankruptcy. The Debtor contends that the actual notice provided to Attorney Proctor imputes to Vermont Center because Attorney Proctor represented Vermont Center in the Collection Litigation, which resulted in the issuance of the Partial Summary Judgment Order on which the Proof of Claim is based.  Specifically, the Debtor argues that Attorney Proctor's representation of Vermont Center in the Collection Litigation is sufficiently related to the Proof of Claim, allowing the Court to

impute Attorney Proctor's actual notice of the bankruptcy filing and Bar Date to Vermont Center.

## V. DISCUSSION

   A. Rule 3002

"In chapter 13 cases, a timely filed proof of claim is a precondition to allowance of the claim and the creditor's right to receive a distribution." San Miguel Sandoval v. Sandoval (In re San Miguel Sandoval), 327 B.R. 493, 512 (B.A.P. 1st Cir. 2005).  See also Fed. R. Bankr. P. 3002(a) (requiring creditors to file proofs of claim for the claim to be allowed).  Under Rule 3002(c) "a proof of claim is timely filed if it is filed not later than 70 days after the order for relief . . . ." Fed. R. Bankr. P. 3002(c).[11]  Generally, tardily filed proofs of claim are disallowed. See 11 U.S.C. § 502(b)(9).  A court may extend the time in which a creditor must file a proof of claim if one of seven exceptions is met.  See Fed. R. Bankr. P. 3002(c)(1)-(7).

   Rule 3002(c)(6)(A) provides, in pertinent part:

> (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>
> (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a) . . . .

Fed. R. Bankr. P. 3002(c)(6)(A).  Thus, as a threshold matter, a creditor moving under subsection (A) must show that it received insufficient notice of the proof of claim filing deadline.  See In re Price, No. 18-71260, 2019 WL 2895006, at *2 (Bankr. W.D. Va. July 3, 2019) (citing In re

---

[11] Rule 3002 was amended in 2017.  Prior to the 2017 amendments, the general deadline for creditors to file proofs of claim was 90 days from the § 341 Creditors Meeting.

<u>Wulff</u>, 598 B.R. 459, 465 (Bankr. E.D. Wis. 2019) ("If insufficient notice alone were grounds for an extension, [the creditor] would be entitled to one.  But the rule requires more—the insufficient notice must result from one of the two conditions outlined in the rule.")).  In deciding whether to extend the proof of claim filing deadline, courts may consider the following factors:

> (i) whether a chapter 13 plan has been confirmed, (ii) whether the failure to list the creditor properly was the result of inadvertence or was ill-intentioned, (iii) whether the creditor acted diligently in bringing its motion under Rule 3002(b)(6), (iv) whether the inclusion of the creditor's claim among allowed claims at that juncture in the case would significantly prejudice other creditors or make untenable the chapter 13 trustee's administration of the case, (v) whether the extension of the bar date would prove futile, as where the claim would be disallowed for a reason other than untimeliness, and (vi) whether the denial of an extension would likely subject the debtor to additional proceedings which might prove costly, frustrate the debtor's efforts to perform under the chapter 13 plan, or impair the debtor's fresh start should a discharge be obtained.

<u>In re Fitzgerald</u>, No. 8:19-BK-07741-RCT, 2020 WL 5745973, at *4 (Bankr. M.D. Fla. May 18, 2020).  A court "should consider whether the creditor had actual notice of the bankruptcy notwithstanding the failure to include or accurately list the creditor on the [list of creditors]."  <u>Id.</u> (citing <u>In re Price</u>, 2019 WL 2895006, at *3 (denying creditor's motion to extend proof of claim filing deadline under Rule 3002(c)(6) where the creditor had actual notice of the bankruptcy despite the debtor's failure to accurately list the creditor's address on the list of creditors)).

Thus, in determining whether to extend the Bar Date pursuant to Rule 3002(c)(6), the Court must first examine the sufficiency of the notice provided to Vermont Center and, if insufficient, whether it was due to the Debtor's failure to list Vermont Center's direct mailing address on the Creditors Matrix.

B.  <u>Due Process and Sufficiency of Notice</u>

A debtor seeking the benefits of bankruptcy protection must comply with specific filing and disclosure requirements designed to "ensure sufficient notice to parties in interest of various

events in [the debtor's] bankruptcy case[.]" In re San Miguel Sandoval, 327 B.R. at 507.

Among these requirements is a debtor's duty to file a verified list of creditors. See 11 U.S.C. §

521(a)(1)(A); Fed. R. Bankr. P. 1007(a)(1) (requiring a debtor to file "a list containing the name

and address of each entity included or to be included on Schedules D, E/F, G, and H as

prescribed by the Official Forms"); Fed. R. Bankr. P. 1008 (requiring all filings to "be verified or

contain an unsworn declaration"). Debtors seeking bankruptcy protection in the District of New

Hampshire must provide the Clerk of Court with a verified "master address list in the matrix

form specified [in LBR 1007-2] . . . contain[ing] the names, addresses and ZIP codes of all

creditors and parties in interest . . . ." LBR 1007-2(a). Although the list of creditors "provides

no [other] information about the creditors or the nature of the debts owed to them[,]" it "is

critically important in any bankruptcy case because it is used by the Clerk of Court, [d]ebtor, and

all other parties in interest as the master service list when the Code or Rules require[] service of a

pleading, notice, or paper 'on all creditors.'" In re Fitzgerald, 2020 WL 5745973, at *2.

For example, Rule 2002(f) requires the Clerk of Court to "give the debtor, the trustee, all

creditors and indenture trustees notice by mail of . . . the time allowed for filing claims pursuant

to Rule 3002 . . . ." Fed. R. Bankr. P. 2002(f)(3). Under Rule 2002(g), the mailed notice "shall

be addressed as such entity or an authorized agent has directed in its last request filed in the

particular case." Fed. R. Bankr. P. 2002(g)(1). "[I]f a creditor . . . has not filed a request

designating a mailing address under Rule 2002(g)(1) . . . the notices shall be mailed to the

address shown on the list of creditors or schedule of liabilities, whichever is filed later." Fed. R.

Bankr. P. 2002(g)(2). Thus, in order to satisfy the requirements of due process and Rule 2002(f),

"[t]he creditor list submitted by the debtor must . . . contain information reasonably calculated to

provide notice to the creditor." In re San Miguel Sandoval, 327 B.R. at 507 (citing 9 Lawrence

P. King, Collier on Bankruptcy ¶ 1007.02[2] (15th ed. Supp. 2004)). See also In re Price, 2019

WL 2895006, at *2 ("Due process does not require that a party receive actual notice, however, but notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950))).

   *i. Imputed Notice and Actual Notice*

  "The general rule in bankruptcy cases, as well as other types of cases, is that notice served upon counsel satisfies any requirement to give notice to the party." In re Griggs, 306 B.R. 660, 665 (Bankr. W.D. Mo. 2004) (citing Irwin v. Veterans Affairs, 498 U.S. 89, 92 (1990)).  Nevertheless, imputed notice requires more than an attorney-client relationship. See In re Barnes, BKR 07-31157, 2008 WL 2397618, at *3 (Bankr. D.N.D. June 10, 2008) ("Mailing notice to [a] [c]reditor's attorney in a prior state court proceeding located in a different state than [the] [c]reditor is not proper notice.").  "Generally, a debtor may schedule a creditor in care of the creditor's attorney for the purpose of providing notice of the case, provided that the attorney is the creditor's agent in matters related to the bankruptcy case." Id. at *1 (citing Chanute Prod. Credit Ass'n v. Schicke (In re Schicke), 290 B.R. 792, 801 (B.A.P. 10th Cir. 2003)).  "While an attorney need not have been retained to represent a creditor in a bankruptcy case or be a bankruptcy attorney [for this general rule to apply], it is important that there be some nexus between the creditor's retention of the attorney and the creditor's issues with the debtor." In re Schicke, 290 B.R. at 802-03; see also In re Linzer, 264 B.R. 243, 249 (Bankr. E.D.N.Y. 2001) (finding that creditors' non-bankruptcy counsel, who was actively engaged in prosecuting creditors' claim against debtor before a non-bankruptcy tribunal, was deemed an authorized agent of creditors, for purpose of receiving notice of debtor's bankruptcy case due to "well-settled law").

"In most of the cases where an agent's knowledge of bankruptcy proceedings is imputed to a creditor, the agent is an attorney who has been authorized either to collect the balance due on a defaulted debt or to represent the creditor in bankruptcy proceedings." In re Barnes, 2008 WL 2397618, at *1; see also In re Schicke, 290 B.R. at 805-06 (imputing notice from attorney, who did not appear in the bankruptcy case, to the creditor for purposes of the filing deadline for nondischargeability complaints where the attorney had had represented the creditor in prepetition fraud litigation against the debtor); In re Griggs, 306 B.R. at 666 (imputing notice of the bankruptcy filing and proofs of claim filing deadline to a creditor where the noticed attorney represented the creditor in a prior state court action against the debtors, which resulted in a judgment against the debtors and served as the basis for the creditor's claim). But see In re Barnes, 2008 WL 2397618, at *2 (finding insufficient notice to a creditor residing in Brookings, South Dakota where the debtor served an attorney, who represented the creditor in a previous state court matter, in Fargo, North Dakota).

Courts have also declined to extend the proof of claim deadline where the creditor had actual notice of the bankruptcy and/or proofs of claim filing deadline notwithstanding the debtor's failure to accurately list the creditor's address on the list of creditors. See In re Price, 2019 WL 2895006, at *3 (denying creditor's motion to extend deadline where the post office put the notice of bankruptcy filing in the creditor's post office box despite being addressed incorrectly); In re Blakely, 440 B.R. 443, 446 (Bankr E.D. Va. 2010) (sustaining chapter 13 trustee's objection to creditor-bank's tardily filed proof of claim where the creditor discovered the debtor's bankruptcy filing in a PACER search prior to the proof of claim filing deadline).

C. Analysis

Based on a review of the record in this case and the applicable case law, Vermont Center received sufficient notice of the Bar Date. Here, the Debtor's listing of Attorney Proctor "for

10

Vermont Center Wreaths, Inc." and the use of Attorney Proctor's mailing address on the schedules and Creditors Matrix was reasonable under the circumstances of this case due to his continued representation of Vermont Center in the Collection Litigation, which involved the very same claim that Vermont Center seeks to assert here.[12]  For these reasons, there was a sufficient nexus between Vermont Center's retention of Attorney Proctor and its Proof of Claim against the Debtor.

Furthermore, the parties agree that Attorney Proctor received the Notice of Bankruptcy, which contained the Bar Date and other important dates, shortly after the bankruptcy filing and well before the expiration of the Bar Date.  Under these circumstances, that was sufficient notice to inform Vermont Center of its duty to monitor the bankruptcy case.  See In re San Miguel Sandoval, 327 B.R. at 510 (concluding that service of the notice of bankruptcy filing on the creditors' original counsel "constituted adequate notice" to the creditors and "was sufficient to impose upon [original counsel], successor counsel and the [c]reditors the obligation to monitor the proceedings and the deadlines").  While the Court is cognizant that the scope of an attorney-client relationship may or may not change or be refined by agreement of the parties *after* notice is given to the attorney, Vermont Center failed to provide the Court with any case law suggesting that an after-the-fact agreement alone prevents a court from imputing otherwise proper notice from counsel to its client.

In addition to imputed notice, Vermont Center received actual notice of the bankruptcy from Attorney Proctor.  Vermont Center acknowledged that Attorney Proctor promptly notified it about the Debtor's bankruptcy filing and offered to pursue the Proof of Claim on its behalf,

[12] Although the facts of this particular case support this conclusion, the Court nonetheless believes that including Vermont Center's mailing address, alternatively or in addition to Attorney Proctor's address, on the Creditors Matrix and Schedules would obviously have been a better practice, and would have provided direct notice to Vermont Center.  Part 3 of Official Form 106E/F specifically provides for listing agents who are engaged in collecting debts on behalf of a creditor who is already listed on Part 2, and in this Court's experience it is common for debtors to do so.

11

which Vermont Center declined.  Although the Court need not decide whether Vermont Center

had actual notice of the bankruptcy filing and/or Bar Date due to its finding of imputed notice, it

is a factor that further supports the Court's finding of sufficient notice, and its denial of the

Motion.  See In re Fitzgerald, 2020 WL 5745973, at *4 (citing In re Price, 2019 WL 2895006, at

*3).[13]


## VI.  CONCLUSION

For the reasons stated herein, Vermont Center's Motion is DENIED, and the Debtor's

Claim Objection is SUSTAINED in part on the basis that Vermont Center did not timely file the

Proof of Claim.  The balance of the Claim Objection is OVERRULED as moot.  This opinion

constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule

of Bankruptcy Procedure 7052.  The Court will issue separate orders consistent with this opinion.

ENTERED at Concord, New Hampshire.


Date:   December 3, 2021                                /s/ Bruce A. Harwood
                                                        Bruce A. Harwood
                                                        Chief Bankruptcy Judge

---

[13] The Court reiterates that it makes no findings concerning the scope of Attorney Proctor's obligations to Vermont Center once he received the Notice of Bankruptcy and informed Vermont Center of the Debtor's case.  For purposes of this matter, the Court must only consider whether Attorney Proctor's representation of Vermont Center with respect to its Proof of Claim against the Debtor imputes to Vermont Center his notice of the chapter 13 case and the information contained in the Notice of Bankruptcy, including the Bar Date.